**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| TROY ARRINGTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 1:14-cv-549 |
| UNUM LIFE INSURANCE § | |
| COMPANY OF AMERICA, and § | |
| CONSOLIDATED ELECTRICAL § | |
| DISTRIBUTORS, INC. LONG § | |
| TERM DISABILITY INCOME PLAN § | |
| § | |
| Defendant. § | |

# COMPLAINT

## PRELIMINARY STATEMENT

Plaintiff Troy Arrington, hereinafter referred to as "Plaintiff," brings

1. This ERISA action against Unum Life Insurance Company of America (Unum), in its capacity as Administrator of the Consolidated Electrical Distributors, Inc. Long Term Disability Income Plan (Part 1 - policy number 531305-011), an insured plan. Said plan insures plaintiff for the first 24 months of his disability.

2. Further Plaintiff brings this ERISA action against Consolidated Electrical Distributors, Inc. Long Term Disability Income Plan (Part 2 – policy number 531597), a self-insured plan administered by Unum. Said self-funded plan covers plaintiff after the expiration of Part 1 as described in paragraph 1 above through his retirement age.

3. Unum Life Insurance Company of American and Consolidated Electrical Distributors, Inc. Long Term Disability Income Plan hereinafter and collectively referred

to as "Defendants". Plaintiff brings this action to secure all disability benefits, whether they are described as short term, long term and/or waiver of premium claims to which Plaintiff is entitled to disability benefits under a combination of disability plans administered by Defendants. Plaintiff is covered under the plans by virtue of his employment with Consolidated Electrical Distributors, Inc.

## PARTIES

4. Plaintiff is a citizen and resident of Groves, Texas.

5. Defendant UNUM is a properly organized business entity doing business in the State of Texas.

6. The disability plan at issue in the case at bar was funded and administered by Defendant.

7. Defendant is a business entity doing business in the Eastern District of Texas. Defendant may be served with process by serving its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

8. Defendant Consolidated Electrical Distributors, Inc. Long Term Disability Income Plan is a properly organized business entity doing business in the State of California.

9. The disability plan at issue in the case at bar was funded by Defendant and administered by UNUM Life Insurance Company of America.

10. Defendant is a business entity doing business in the Eastern District of Texas. Defendant may be served with process by serving the registered agent of the

Plan Administrator (UNUM Life Insurance Company of America), Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

**JURISDICTION AND VENUE**

11    This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States of America.  Specifically, Plaintiff brings this action to enforce his rights under section 502(a)(1)(B) of the Employee Retirement Income Security Act, (ERISA), which provides "[a] civil action may be brought . . . (1) by a participant or by a beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).

12.    Venue in the Eastern District of Texas is proper by virtue of Defendants doing business in the Southern District of Texas.   Under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found."  29 U.S.C. § 1132(e)(2).  Therefore, venue may also be proper under the third prong of ERISA's venue provision, specifically "where a defendant resides or may be found." (*Id.*)  "District courts within the Fifth Circuit have adopted the reasoning outlined by the Ninth Circuit in *Varsic v. United States District Court for the Central District of California*, 607 F.2d 245 (9th Cir. 1979). *See Sanders v. State Street Bank and Trust Company*, 813 F. Supp. 529, 533 (S.D. Tex. 1993).  The Ninth Circuit, in *Varsic*, concluded that whether a defendant "resides

or may be found" in a jurisdiction, for ERISA venue purposes, is coextensive with whether a court possesses personal jurisdiction over the defendant.  *Varsic*, 607 F.2d at 248."  See *Frost v. ReliOn, Inc.*, 2007 U.S. Dist. LEXIS 17646, 5-6 (N.D. Tex. Mar. 2, 2007).  Under ERISA's nationwide service of process provision, a district court may exercise personal jurisdiction over the defendant if it determines that the defendant has sufficient ties to the United States.  See *Bellaire General Hospital v. Blue Cross Blue Shield of Michigan, 97 F.3d 822, 825-26 (5th Cir. 1996)*, citing *Busch v. Buchman, Buchman & O'Brien, Law Firm, 11 F.3d 1255, 1258 (5th Cir. 1994)*.  Here, Defendant is "found" within the Eastern District of Texas, as it does business here, and the court has personal jurisdiction over Defendant, as it has sufficient ties to the United States.

## **CONTRACTUAL AND FIDUCIARY RELATIONSHIP**

13.     This claim is decided in two parts.  Part one (policy number 531305-011) is insured and administered by Defendant UNUM Life Insurance Company.  Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action.  Said policy became effective January 1, 1999.

14.     Part two (policy number 531597) is a self-funded disability plan sponsored by Defendant Consolidated Electrical Distributors, Inc. and administered by Defendant UNUM.  Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action.  Said policy became effective January 1, 1999.

15.     The disability policies at issue are obtained by Plaintiff by virtue of

Plaintiff's employment with Consolidated Electrical Distributors, Inc. at the time of Plaintiff's onset of disability.

16. Under the terms of the policy, Defendant UNUM administered both policies and retained the sole authority to grant or deny benefits to applicants.

17. Defendant UNUM insures Part One and Defendant Consolidated Electrical Distributors, Inc. self-funds Part Two of the Plan benefits.

18. Because the Defendants both fund the plan benefits and retain the sole authority to grant or deny benefits, Defendants have an inherent conflict of interest.

19. Because of the conflict of interest described above, Defendants' decisions to deny disability benefits should be reviewed by this Court under a *de novo* standard of review.

20. Further, in order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan. However, for disability insurance policies, certificates or riders offered, issued, renewed or delivered on or after February 1, 2011 said "discretionary clauses" are prohibited under 28 TAC §§3.1201- 3.1203 (2013). Further, for disability insurance policies issued prior to February 1, 2011 that do not contain a renewal date, said discretionary clause prohibition applies after June 1, 2011 upon any rate increase or any change, modification or amendments on or after June 1, 2011.

21. Plaintiff contends that the Plan fails to give the Defendants said discretion as said discretionary language is prohibited under 28 TAC §§3.1201- 3.1203 (2013)

and this Court should review this matter under a *de novo* standard of review.

22. Defendants have a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

## ADMINISTRATIVE APPEAL

23. Plaintiff is a 36 year old man previously employed by Consolidated Electrical Distributors, Inc. as an "Inside Sales Representative" and as a "Warehouse Associate."

24. Inside Sales Representative and Warehouse Associate are classified under the Dictionary of Occupational Titles as Light and Medium respectively, with SVPs of 6 and 3 respectively, and considered to be semi-skilled and unskilled work respectively.

25. Due to Plaintiff's degenerative and traumatic injuries, Plaintiff ceased actively working on August 8, 2010 as on this date Plaintiff suffered from cervical disc herniation and radiculitis, post-traumatic stress disorder (PTSD), and nerve damage to his face.

26. Plaintiff alleges that he became disabled on August 10, 2010.

27. Plaintiff filed for short term disability benefits with Defendant.

28. Short term disability benefits were granted.

29. Plaintiff filed for long term disability benefits through the plan administered by the Defendants.

30. On November 7, 2011, Defendants denied long term disability benefits under the Plan. Said letter allowed Plaintiff 180 days to appeal this decision.

31. At the time Defendants denied Plaintiff long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform "Any Occupation."

32. If granted the plan would pay monthly benefit of $2,157.23.

33. On September 21, 2012 Plaintiff pursued his administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

34. Plaintiff timely perfected his administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

35. Plaintiff submitted additional information including medical records to show that he is totally disabled from the performance of both his own and any other occupation as defined by the Plan.

36. Additionally, the Social Security Administration issued a fully favorable decision on Plaintiff's claim for disability benefits under Title II and Title XVI of the Social Security Act, finding that Plaintiff is "disabled" during the relevant time period. Notably, the SSA's definition of disability is significantly more restrictive than Defendant's as they require the claimant to be unable to work in "any occupation in the National Economy."

37. Defendants were provided documentation of the Social Security Administration's finding that Plaintiff was found to be totally disabled under Title II and Title XVI of the Social Security Act.

38. On or about December 13, 2010, Defendants' internal consultant, Michael D. Stevens, MS, senior vocational rehabilitation, performed a paper review of Plaintiff's

claim file.

39. On or about March 18, 2011, Defendants' internal consultant, Steven Jacobs, CDMS, MILR, CEAS, CSA, vocational rehabilitation, also performed a paper review of Plaintiff's claim file.

40. On or about October 14, 2011, Defendants' internal consultant, Ron Freund, M.D., FACS, orthopedic surgery, performed a paper review of Plaintiff's claim file.

41. On or about October 20, 2011, Defendants' internal consultant, G. Lance Matheny, II, M.D., MPH, MBA, orthopedic surgery, performed a paper review of Plaintiff's claim file.

42. On or about November 2, 2011, Defendants' internal consultant, Steven Jacobs, CDMS, MILR, CEAS, CSA, vocational rehabilitation, performed another paper review of Plaintiff's claim file.

43. On or about November 7, 2011, Defendants' internal consultant, Steven Jacobs, CDMS, MILR, CEAS, CSA, vocational rehabilitation, prepared an addendum to his paper review of Plaintiff's claim file.

44. There is an indication that a "Ruth Brown, RN, MSN, senior clinical consultant," reviewed Plaintiff's claim file, but Defendants failed to provide Plaintiff with said review.

45. There is an indication that a "Richard Cole, RN, clinical consultant," reviewed Plaintiff's claim file, but Defendants failed to provide Plaintiff with said review.

46. Defendants' consultants completed their reports without examining

Plaintiff.

47.   On August 5, 2013, Defendants notified Plaintiff that Defendants affirmed its original decision to deny Plaintiff's claim for long term disability benefits.

48.   Defendants also notified Plaintiff on August 5, 2013 that Plaintiff had exhausted his administrative remedies.

49.   Defendants, in their final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on his ability to engage in work activities.

50.   Plaintiff has now exhausted his administrative remedies, and his claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## **MEDICAL FACTS**

51.   Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

52.   Plaintiff suffers from cervical disc herniation and radiculitis, post-traumatic stress disorder (PTSD), and nerve damage to his face.

53.   Treating physicians document continued chronic back pain, radicular symptoms, as well as decreased range of motion and weakness.

54.   Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed his ability to engage in any form of exertional activity.

55.   Further, Plaintiff's physical impairments have resulted in chronic pain and

discomfort.

56. Plaintiff's treating physicians document these symptoms. Plaintiff does not assert that he suffers from said symptoms based solely on his own subjective allegations.

57. Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address his multiple symptoms.

58. However, Plaintiff continues to suffer from break through pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

59. Plaintiff's documented pain is so severe that it impairs his ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full time basis, meaning an 8 hour day, day after day, week after week, month after month.

60. Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

61. The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

62. As such, Plaintiff has been and remains disabled per the terms of the Plan and has sought disability benefits pursuant to said Plan.

63. However, after exhausting his administrative remedies, Defendants persist in denying Plaintiff his rightfully owed disability benefits.

**DEFENDANT'S CONFLICT OF INTEREST**

64. At all relevant times, Defendants has been operating under an inherent

and structural conflict of interest as Defendants is liable for benefit payments due to Plaintiff and each payment depletes Defendants' assets.

65. Defendant's determination was influenced by its conflict of interest.

66. Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

67. The LTD plans gave Defendants the right to have Plaintiff submit to a physical examination at the appeal level.

68. A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

69. More information promotes accurate claims assessment.

## COUNT I:
## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

70. Plaintiff incorporates those allegations contained in paragraphs 1 through 69 as though set forth at length herein

71. Defendants have wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

    a. Plaintiff is totally disabled, in that he cannot perform the material duties of his own occupation, and he cannot perform the material duties of any other occupation which his medical condition, education, training, or experience would reasonably allow;

    b. Defendants failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

    c. Defendants' interpretation of the definition of disability contained in

the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious, and;

d.  Defendants have violated its contractual obligation to furnish disability benefits to Plaintiff.

## COUNT II:  ATTORNEY FEES AND COSTS

72. Plaintiff repeats and realleges the allegations of paragraphs 1 through 71 above.

73. By reason of the Defendants' failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees.  Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

WHEREFORE, **Plaintiff demands judgment for the following:**

A.  Grant Plaintiff declaratory relief, finding that he is entitled to all past due short term and long term disability benefits yet unpaid;

B.  Order Defendants to pay past short term and long term disability benefits retroactive to November 8, 2011 to the present in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan, plus pre-judgment interest;

C.  Order Defendants to remand claim for future administrative review and continue to make future long term disability benefits in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan until such time as

Defendant makes an adverse determination of long-term disability consistent with ERISA and Plaintiff's entitlements under the Plan.

D.     Order Defendants to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

E.     For such other relief as may be deemed just and proper by the Court.


Dated:  Houston, Texas
        November 5, 2014


                Respectfully submitted,

                MARC WHITEHEAD & ASSOCIATES,
                ATTORNEYS AT LAW L.L.P.


By:     /s/ Marc Whitehead
       Marc S. Whitehead
       Tex. Bar No. 00785238
       Fed. I.D. No. 15465
       Valerie Norwood
       Tex. Bar No. 24062921
       Fed. I.D. No. 1001660
       J. Anthony Vessel
       Tex. Bar. No. 24084019
       Fed. I.D. No. 1692384
       5300 Memorial Drive, Suite 725
       Houston, Texas 77007
       Telephone: 713-228-8888
       Facsimile: 713-225-0940
       ATTORNEY-IN-CHARGE
       FOR PLAINTIFF,
       TROY ARRINGTON