# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| TROY ARRINGTON, | § | |
| | § | |
| | § | Civil Action No. 1:14-CV-00549 |
| | § | |
| v. | § | |
| | § | |
| | § | |
| UNUM LIFE INSURANCE COMPANY OF | § | |
| AMERICA, *et al.* | § | |

## MEMORANDUM ADOPTING REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter was directly assigned to United States Magistrate Judge Keith F. Giblin pursuant to 28 U.S.C. § 636 and General Order 14-10. On September 13, 2016, the report of the Magistrate Judge (Clerk's Doc. #24) was filed containing proposed findings of fact and a recommendation that the defendant's motion for summary judgment be granted and the plaintiff's motion for summary judgment be denied. The Magistrate Judge concluded that the plaintiff failed to carry his burden in establishing that the defendant Unum Insurance Company of America, Inc., ("Unum") abused its discretion in denying the plaintiff long term disability benefits under the ERISA plan at issue.

The Court has considered the magistrate judge's report, the plaintiff's specific objections (Clerk's Doc. #29), and the defendant's response (Clerk's Doc. #31). Having conducted a *de novo* review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct.

First, the Court finds that the magistrate judge applied the correct definition of disability as stated in the policy at issue, despite plaintiff's objections to the contrary. *See Report*, at p. 17, *Objections*, at pp. 3-4. Even assuming that the plaintiff's version of the definition of disability applied, a review

1

of the record evidence does not indicate that plaintiff can show that he could in fact meet either of the proposed definitions of disability.

The plaintiff next argues that the magistrate judge erred in determining November 7, 2011, as the date his long term disability policy was terminated. November 7, 2011 is the date Unum found that plaintiff was able to work. Plaintiff contends that he was totally disabled both before and after this date and, consequently, Judge Giblin erred in disregarding evidence about Plaintiff's medical condition after November 7, 2011. He then points to record medical evidence which he contends supports his disability after November 7, 2011. *See Objections*, at pp. 5-7. In his report, the magistrate judge referenced record evidence after this date, including new evidence submitted by Arrington to Unum during the course of his appeal of the initial disability decision. *See Report*, at pp. 7-10, 17. Furthermore, this Court is unconvinced that the evidence discussed in Arrington's objections is enough to support a conclusion that Unum abused its discretion as plan administrator when it denied benefits. As discussed in the report and recommendation, there is more than a scintilla of evidence to support Unum's decision. *See Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 273 (5th Cir. 2005). The evidence relied upon by Unum would also be accepted by a reasonable mind as adequate to support a conclusion. *See id.* This Court, therefore, may not disturb that decision as the undersigned is required to defer to the plan administrator's decision if the denial is supported by substantial evidence. *See id.* Plaintiff claims that the evidence relied on by Unum in denying Arrington's claim does not constitute substantial evidence because it is "manufactured, biased and wholly inaccurate." *See Objections*, at p. 13. The Court's own review of the record leads the undersigned to disagree. There is sufficient concrete evidence to support Unum's decision. Judge Giblin also addressed, in detail, plaintiff's arguments regarding any potential conflicts of interest in Unum's evaluation of the evidence and Unum's decision to disregard the Social Security Administration's finding that Arrington was disabled. The Court's own review of the evidence supports adopting Judge Gibln's findings.

Plaintiff's objections do not persuade the Court otherwise. In sum, applying the relevant standard of review, the determination that Unum did not abuse its discretion in terminating Arrington's benefits should not be disturbed. *See McCorkle v. Metro. Life Ins. Co.*, 757 F. 3d 452, 457 (5th Cir. 2014)(a court will reverse a plan administrator's decision only for abuse of discretion); *Ellis*, 394 F.3d at 273 (an administrator's decision must prevail if it supported by substantial evidence and is not arbitrary or capricious).

Accordingly, having received the report of the United States Magistrate Judge, having considered Plaintiff's objections and the defendant's response, and having conducted a *de novo* review pursuant to 28 U.S.C. § 636 and FED. R. CIV. P. 72, this Court is of the opinion that the findings and conclusions of the magistrate judge are correct and hereby **ADOPTS** the magistrate judge's report (Clerk's Doc. #24) as the findings and conclusions of the Court.

It is, therefore **ORDERED** that the defendant's motion for summary judgment (Clerk's Doc. #14) is **GRANTED** and the plaintiff's motion for summary judgment (Clerk's Doc. #16) is **DENIED**. The Court will enter final judgment separately.

**SIGNED** this the 6 day of **December, 2016.**

_____
Thad Heartfield
United States District Judge